IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

IN RE:

EDDIE BURL SMITH,

Debtor

Bk. No.: 05-40369
Chapter 7
Liquidation

JADE SPECIAL STRATEGY, LLC,

Plaintiff

v.

SNOW BECKER KRAUSS, PC;
PEPPER & NASON and
WILLIAM W. PEPPER,

Defendants.

A.P. No.
[Formerly Supreme Court
of the State of New York,
County of New York
Case No. 153653/2015]

## NOTICE OF REMOVAL

Defendants, Pepper and Nason and William W. Pepper, hereby timely remove Case No. 153653/15 from the Supreme Court of the State of New York, County of New York to the United States Bankruptcy Court for the Southern District of West Virginia pursuant to 28 U.S.C. §1452(a), and as grounds for its removal state as follows:

1.      Undersigned defendants, Pepper and Nason and William W. Pepper, are in possession of $8,200.00 representing the February, 2008 unused portion of a retainer paid by C.E.S. Petroleum, LLC, pursuant to a written Retainer Agreement between Pepper and Nason and C.E.S. Petroleum, LLC (hereinafter "CES"). William W. Pepper is a partner in Pepper and Nason, a law firm that CES hired in West Virginia to perform legal services in West Virginia. On or about February 26, 2008, Pepper and Nason sent a check for $8,200.00 to CES, but that check has not been cashed.

2.      The civil action being removed is styled *"Jade Special Strategy, LLC, Plaintiff v. Snow Becker Krauss, PC; Pepper & Nason and William W. Pepper"* and is pending in the Supreme Court of New York, County of New York and is designated as case 153653/2015.   Plaintiff seeks an order requiring Pepper and Nason and of William W. Pepper to pay the $8,200.00 to it.  A copy of the Summons and Complaint is attached hereto.

3.       Eddie Burl Smith was at all pertinent times the owner and sole member of CES.  CES was dissolved on September 10, 2008.

4.       Defendants Pepper and Nason and William W. Pepper have never represented Jade Specialty Strategy, LLC, the plaintiff in the state court action being removed, nor otherwise have had any relationship or dealings of any sort with it and first became aware of it when the state court action was served on defendants.

5.       On October 27, 2010, Eddie Burl Smith converted a Chapter 11 case to one in Chapter 7 in the United States Bankruptcy Court for the Southern District of West Virginia, designated as BK No. 05-40369.

6.       On or about April 28, 2015, the trustee of that Chapter 7 case, Thomas H. Fluharty, filed a Motion to Compel Turnover of Funds Currently Escrowed with Pepper and Nason and served the same on the undersigned state court defendants. See document 433, a copy of which is attached hereto.  The Trustee claims the $8,200.00 at issue is property of the bankruptcy estate of Eddie Burl Smith in Case No. 05-40369.

7.       Determining whether the $8,200.00 is property of the estate under §541 of the Federal Bankruptcy Code is a core proceeding per 28 U.S.C. §157(b)(2).

8.       Motions for turnover are core proceedings per 28 U.S.C. §157(b)(2)(E).

9.       This is a core proceeding.

Dated this the ⸦ day of May, 2015.

                                                   WILLIAM W. PEPPER and PEPPER & NASON
                                                   Defendants

WILLIAM W. PEPPER (WV Bar No. 2857)
Pepper & Nason
8 Hale Street
Charleston, West Virginia  25301
304-346-0361
*Counsel for Defendants*

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
————————————————————————x

JADE SPECIALY STRATEGY, LLC,

Plaintiff/Petitioner,

- against -                                                    Index No. 153653/2015

SNOW BECKER KRAUSS, P.C., et al.,

Defendant/Respondent.
————————————————————————x

## NOTICE OF COMMENCEMENT OF ACTION
## SUBJECT TO MANDATORY ELECTRONIC FILING

PLEASE TAKE NOTICE that the matter captioned above, which has been commenced by the filing of the accompanying documents with the County Clerk via the New York State Courts Electronic Filing System ("NYSCEF"), is subject to mandatory electronic filing pursuant to Section 202.5-bb of the Uniform Rules for the Trial Courts. This notice is being served as required by Subdivision (b) (3) of that Section.

Counsel and/or parties must either: 1) immediately record their representation within the e-filed matter on the Consent/Represent page in NYSCEF; or 2) file the Notice of Opt-Out form to claim one of the limited exemptions from mandatory e-filing (see below). Failure to record representation may result in an inability to receive electronic notice of any document filings. Claiming an exemption will require the exempt party to serve and be served with hard copy documents.

Counsel and unrepresented parties who intend to participate in e-filing must first create a NYSCEF account and obtain a user ID and password. For additional information about electronic filing, and to create a NYSCEF account, visit the NYSCEF website at www.nycourts.gov/efile or contact the NYSCEF Resource Center (phone: 646-386-3033; e-mail: efile@nycourts.gov; mailing address: 60 Centre Street, New York, New York 10007).

Exemptions from mandatory e-filing (Section 202.5-bb(e)) are limited to:

1) attorneys who certify in good faith that they lack the computer hardware and/or scanner and/or internet connection or that they lack (along with all employees subject to their direction) the operational knowledge to comply with e-filing requirements; and

2) parties who expect to represent themselves and who choose not to participate in e-filing. (Such parties are encouraged to visit www.nycourthelp.gov or contact the Help Center in the court where the action is pending.)

Dated: 4/15/15

_____ (Signature)

Jeffrey A. Miller, Esq.      (Name)          1201 RXR Plaza        (Address)

Westerman Ball Ederer Mill (Firm Name)       Uniondale, NY 11556

To:    Snow Becker                           516-622-9200           (Phone)

       Pepper & Nason                        516-922-9212           (E-Mail)

       William Pepper

3/30/15

FILED: NEW YORK COUNTY CLERK 04/14/2015 04:34 PM    INDEX NO. 153653/2015
NYSCEF DOC. NO. 1                                   RECEIVED NYSCEF: 04/14/2015

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------X

JADE SPECIAL STRATEGY, LLC,                          Index No.:

                          Plaintiff,

                                                     **SUMMONS**

            - against -

SNOW BECKER KRAUSS, P.C.; PEPPER,                    Plaintiff designates New
& NASON and WILLIAM PEPPER,                          York County as the place of
                                                     trial.

                          Defendants.
------------------------------------------------------------X

**TO THE ABOVE NAMED DEFENDANTS:**

      **You are hereby summoned** to answer the verified complaint in this action, and to serve a copy of your answer, or, if the verified complaint is not served with this summons, to serve a notice of appearance on the plaintiffs' attorneys within twenty (20) days after the service of this summons, exclusive of the day of service, where service is made upon you personally within the state or within thirty (30) days after completion of service where service is made in any other manner. In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the verified complaint.

Dated: Uniondale, New York
     April 14, 2015

               WESTERMAN BALL EDERER MILLER
               ZUCKER & SHARFSTEIN, LLP


        By:_____
               Jeffrey A. Miller, Esq.
               Laura A. Gillen, Esq.
               1201 RXR Plaza
               Uniondale, NY 11556
               (516) 622-9200
               (516) 622-9212
               *Attorneys for Plaintiff*

**TO:**  Snow Becker Krauss, P.C.
605 Third Avenue
New York, New York 10158

Pepper & Nason
8 Hale Street
Charleston, West Virginia 25301

William Pepper
8 Hale Street
Charleston, West Virginia 25301

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------X

JADE SPECIAL STRATEGY, LLC,

Index No.: 153653|15

                                   Plaintiff,

                                                            **VERIFIED COMPLAINT**

        - against -

SNOW BECKER KRAUSS, P.C.; PEPPER,
& NASON and WILLIAM PEPPER,

                                   Defendants.
------------------------------------------------------------X

        Westerman Ball Ederer Miller Zucker & Sharfstein, LLP, complaining of defendants,

respectfully states as follows:

                                   **THE PARTIES**

        1.      Plaintiff Jade Special Strategy, LLC ("JSS") is a Delaware limited liability

company with its principal place of business in Suffolk County, New York.

        2.      Upon information and belief, defendant Snow Becker Krauss, P.C. ("SBK") is a

professional corporation organized under the laws of the State of New York and its principal

place of business was in New York County.

        3.      Upon information and belief, defendant SBK ceased its law firm business after

the death of one of its partners, Jack Becker and is currently in the process of winding down its

affairs.

        4.      Upon information and belief, defendant Pepper & Nason is a West Virginia law

partnership and is the successor-in-interest to Pepper, Nason & Hayes, a West Virginia law

partnership that was doing business in the State of New York by transacting business in and

representing clients in New York.

5.       Upon information and belief, defendant William Pepper ("Mr. Pepper") is a natural person residing in the State of West Virginia and was a partner in Pepper, Nason & Hayes and transacted legal business in the State of New York. Defendants Pepper & Nason and Mr. Pepper shall be referred to herein as "Pepper Defendants".

6.       Upon information and belief Mr. Pepper is a now partner in defendant Pepper & Nason.

## FACTUAL BACKGROUND

7.       JSS was engaged in the venture capital business. David Propis was a manager.

8.       SBK is a law firm that was located in and whose attorneys practiced law in the State of New York.

9.       Jack Becker and Eric Honick were/are lawyers affiliated with SBK.

10.      Jack Becker is now deceased.

11.      In or around January 2007, JSS was considering an investment in a new company called CES Petroleum, LLC ("CES"), which was headed by Michael and Eddie Smith.

12.      SBK was the primary law firm handling CES's affairs.

13.      SBK retained defendant Mr. Pepper and his law firm, Pepper Nason & Hayes, to act as local counsel in connection with CES's affairs.

14.      On or about January 10, 2007, JSS contacted SBK in connection with its contemplated investment in CES.

15.      JSS advised SBK's Jack Becker that JSS was funding certain commitments of CES and was considering funding certain of CES's legal costs.

2

16.     JSS and SBK agreed that JSS would provide funds to be held in escrow by SBK for the payment of CES's legal fees and that these funds would only be utilized and/or disbursed upon the approval of JSS.

17.     In performance of this agreement, plaintiff caused $50,000 to be wired to SBK on or about January 24, 2007 (the "JSS Funds") in performance of this agreement.

18.     Eric Honick, a partner in SBK, confirmed the receipt of the $50,000. Mr. Honick also confirmed that SBK would disburse $25,000 to SBK to hold as its retainer; would disburse $10,000 to "Bill Pepper's Firm" (local counsel in West Virginia); and would continue to hold $15,000 in SBK's escrow account. A copy of this written confirmation is annexed hereto as Exhibit "A".

19.     Upon information and belief, SBK did in fact disburse a $10,000 retainer fee to Pepper, Nason & Hayes, a firm located in Charleston, West Virginia.

20.     In 2007, SBK performed legal services relating to CES.

21.     Certain payments for SBK's services were collected from the funds provided by JSS with JSS's approval.

22.     On or about March 2008, the principals of CES, Mike and Eddie Smith, were indicted on unrelated charges and the CES deal terminated. Accordingly, JSS's investment in CES was also terminated.

23.     Subsequently, JSS's principals requested that SBK return the balance of the JSS Funds it received from JSS.

24.     At this time, SBK had billed approximately $21,272 in legal fees, leaving a balance of approximately $3728 in the retainer funds it disbursed to itself, plus the $15,000 it held in escrow, for a total of approximately $18,728 in JSS funds held by SBK.

3

25.     Upon information and belief, on or about February 28, 2008 Pepper, Nason &
Hayes returned $8200 of its $10,000 retainer by sending a check in that amount to CES
Petroleum, LLC c/o SBK (the "Pepper Check").

26.     Upon information and belief, SBK forwarded this check on to Eddie Smith and
requested that he execute an attached instruction letter and execute the check over to SBK so that
the funds could be returned to JSS.

27.     Upon information and belief, Mr. Smith was incarcerated and never executed and
returned the letter or check.

28.     Upon information and belief, the Pepper Check was never cashed and the unused
retainer funds of $8200 remain in its possession or in the possession of SBK.

29.     SBK continuously represented that it was looking into the whereabouts of the JSS
Funds and would return all unused and/or unauthorized expenditures of such funds to JSS.

30.     However, in September 2014, SBK's Eric Honick advised that he changed course
and now believes that SBK has no obligation to return the funds it indisputably received from
JSS.

31.     SBK has failed to return JSS's Funds.

### AS AND FOR A FIRST CAUSE OF ACTION
#### (Breach of Contract Against SBK)

32.     Plaintiff incorporates the foregoing paragraphs of this complaint by reference as if
the same were set forth at length herein.

33.     SBK and JSS had an agreement that JSS would provide funds to pay legal
expenses for CES upon JSS's approval.

34.     In performance of this agreement, JSS caused $50,000 to be wired to SBK to be
held in escrow and applied to JSS's legal fees only upon JSS's approval.

4

35.   SBK deducted and disbursed certain amounts from the advanced JSS Funds with JSS's approval.

36.   After the CES deal ended and JSS's funding was terminated, there was a balance of approximately $26,928 in unused JSS Funds.

37.   JSS duly and timely performed all of its obligations under the agreement.

38.   SBK breached the payment agreement by, among other things, failing and refusing to refund the JSS Funds advanced by JSS and disbursing funds without JSS's approval.

39.   As a direct and proximate result, Plaintiff has been damaged in an amount to be determined at trial, but in no event less than $26,928, plus statutory interest and costs.

### AS AND FOR A SECOND CAUSE OF ACTION
#### (Unjust Enrichment against SBK)

40.   JSS incorporates the foregoing paragraphs of this complaint by reference as if the same were set forth at length herein.

41.   JSS agreed to pay SBK for certain legal fees incurred by CES if the fees were approved by JSS.

42.   Plaintiffs gave defendant SBK $50,000 to hold for payment of approved legal fees incurred by CES.

43.   SBK provided legal services resulting in charges of approximately $21,272.

44.   These were deducted from the JSS Funds.

45.   JSS has repeatedly requested that SBK return all finds advanced other than those approved by it for payments.

46.   SBK repeatedly and continuously advised that it would return JSS's monies, but it has not.

5

47.     SBK has wrongfully retained JSS funds that were not authorized for disbursement or were unused.

48.     Upon information and belief, SBK has wrongfully failed to collect or has wrongfully retained the $8200 in retainer fees the Pepper firm sought to return.

49.     As a result SBK has been unjustly enriched in an amount of not less than $26,928 at JSS's expense and detriment plus interest and all applicable costs.

50.     Equity and good conscience mandate that SBK may not permitted to retain the funds that rightfully belong to JSS.

### AS AND FOR A THIRD CAUSE OF ACTION
### (Unjust Enrichment Against Pepper Defendants)

51.     Plaintiff incorporates the foregoing paragraphs of this complaint by reference as if the same were set forth at length herein.

52.     Pepper Nason & Hayes received a $10,000 derived from JSS's funds.

53.     Pepper, Nason & Hayes had an unused retainer balance of $8200.

54.     Though the Pepper Defendants attempted to return the funds, upon information and belief, the check it delivered was never cashed.

55.     Accordingly, the $8200 was not returned and remains in Pepper Defendants' possession.

56.     As a result, Pepper Defendants have been unjustly enriched in an amount of $8200 plus interest and all applicable costs at JSS's expense and detriment.

57.     Equity and good conscience mandate that Pepper may not permitted to retain the funds that rightfully belong to JSS.


WHEREFORE, plaintiff demands judgment in its favor as follows:

6

(a)     on the first cause of action, for damages against SBK in an amount to be determined at trial, but in no event less than $26,928, plus statutory interest, together with such other and further relief as the Court deems just and proper;

(b)     on the second cause of action, for damages against SBK in an amount to be determined at trial, but in no event less than $26,928 plus statutory interest, together with such other and further relief as the Court deems just and proper; and

(c)     on the third cause of action, for damages against Pepper Defendants in an amount to be determined at trial, but in no event less than $8,200 plus statutory interest, and

(d)     on all causes of action, all such other and further relief as the Court deems just and appropriate.


Dated: Uniondale, New York
       April 14, 2015

                        WESTERMAN BALL EDERER
                        MILLER ZUCKER & SHARFSTEIN, LLP

                 By:    _____
                        Jeffrey A. Miller, Esq.
                        Laura A. Gillen, Esq.
                        1201 RXR Plaza
                        Uniondale, New York 11556
                        (516) 622-9200
                        *Attorneys for Plaintiff*

987012.

7

## VERIFICATION

STATE OF NEW YORK    )
                           ) SS.:
COUNTY OF SUFFOLK    )

DAVID PROPIS, being duly sworn, deposes and says:

I am a principal of the plaintiff in the within action; I have read the foregoing complaint, know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged upon information and belief, and as to those matters, I believe them to be true.

_____
David Propis

Sworn to before me this
14th day of April, 2015

_____
NOTARY PUBLIC

**THERESA DIMARZO**
**Notary Public, State of New York**
**No. 01DI5048418**
**Qualified in Nassau County**
**Commission Expires August 21, 20 17**

# EXHIBIT A

## Eric Honick - RE: $50K

**From:**  ehonick@sbklaw.com
**To:**   avi@crestacap.com
**Date:**  1/24/2007 4:29 PM
**Subject:** RE: $50K
**CC:**   race207@aol.com, esmith@carlesmith.com, jkent@carlesmith.com, msmith@car...

Avi,

We received the wire transfer of the $50,000, and will disburse $25,000 to us for our retainer payment and $10,000 to Bill
Pepper's firm for their retainer.  We will continue to hold the remaining $15,000 in escrow and disburse it in accordance with
your and the Smiths' instructions.

Regards,

Eric

-----Original Message-----
From: Avi Mirman [mailto:avi@crestacap.com]
Sent: Wednesday, January 24, 2007 2:26 PM
To: Eric Honick
Cc: Jack Becker
Subject: $50K

Please confirm you have received the wire.

Fed#:  1064200024FE

Avi Mirman
Chairman of the Board
CRESTA CAPITAL STRATEGIES, LLC
1175 Walt Whitman Road, Suite 100
Melville, NY 11747
631-424-9009 (o)
631-424-9010 (f)
917-783-9995 (c)
avi@crestacap.com

Member NASD SPIC

This electronic mail (e-mail) is intended solely for the use of the
individual or entity to which it is addressed, and may contain information
that is privileged, confidential, and exempt from disclosure under
applicable federal and international laws. If the reader of this
communication is not the intended recipient, you are hereby notified that
any dissemination, distribution, or copying of this e-mail is strictly
prohibited. If you have received this communication in error, please do not
print, copy, re-transmit, disseminate, or otherwise use any of the
information contained herein, and notify the sender immediately by replying
to the e-mail address above.

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

In Re: Smith, Eddie Burl                                    Bk. No.: 05-40369

       Debtor

## MOTION TO COMPEL TURNOVER OF FUNDS
## CURRENTLY ESCROWED WITH PEPPER & NASON

The Trustee moves the Court to enter an Order compelling turnover and in support thereof

would state as follows:

1.  The debtor, Eddie Burl Smith filed his voluntary chapter 11 bankruptcy petition on July 8, 2005, and was converted to chapter 7 on October 27, 2010. The undersigned is the duly acting Trustee.

2.  The Trustee designated the case as an asset case and the last day for filing proofs of claim was August 23, 2011.

3.  The Trustee is informed that CES Petroleum, LLC., entered into a retainer agreement with Pepper & Nason during February, 2007, and deposited the sum of $10,000.00. The Trustee is informed that Pepper & Nason utilized $1,800.00 of the deposit and has on deposit the sum of $8,200.00.

4.  CES Petroleum, LLC., was a West Virginia limited liability company and had its charter revoked on September 10, 2008.

5.  Eddie Burl Smith was a member of the LLC., and as such is entitled to a refund of the retainer.

6.  The Trustee has been informed that a case styled "Jade Special Strategy, LLC., vs. Snow Becker Krauss, P.C.; Pepper & Nason and William Pepper, Index No. 153653/15 has been filed in the Supreme Court of the State of New York, County of New York, seeking the described funds.

7.  The Trustee asserts that upon information and belief that the funds are property of the estate and should be turned over to the Trustee.

**WHEREFORE,** the Trustee moves the Court to enter an Order directing Pepper & Nason

to pay over to the Trustee the remaining retainer.

Respectfully submitted by:

__/s/ Thomas H. Fluharty__
Thomas H. Fluharty, Trustee
WV Bar No.: 1231
408 Lee Avenue
Clarksburg, WV 26301
(304)-624-7832

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing **MOTION TO COMPEL TURNOVER OF FUNDS**

**CURRENTLY ESCROWED WITH PEPPER & NASON** was served upon the following

individuals, at the address listed below, by placing a true and correct copy therefore in the United

States mail, postage prepaid, this __28th__ day of ___April___, 2015.

William Pepper, Esquire
Pepper & Nason
8 Hale Street
Charleston, WV 25301

Served electronically on:

Raymond G. Dodson, Esquire
ray.dodson@verizon.net

Counsel for Debtor

Office of the U.S. Trustee
ustpregion04.ct.ecf@usdoj.gov

                                    __/s/ Thomas H. Fluharty___
                                    Thomas H. Fluharty, Trustee

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

In Re:  Smith, Eddie Burl                          Bk. No.: 05-40369

        Debtor

### ORDER

On this day came the Trustee and moved the Court to enter an Order requiring that Pepper

& Nason turnover the remaining retainer funds of $8,200.00 to the Trustee. It appearing to the Court

that the Trustee is entitled to the relief requested without further hearing it is, accordingly,

**ADJUDGED, ORDERED** and **DECREED** that the Pepper & Nason deliver to the Trustee the

remaining retainer funds of $8,200.00 for further liquidation by the Trustee.

              **ENTERED:** _____

              _____
              **U.S. BANKRUPTCY JUDGE**

Respectfully submitted by:

   /s/ Thomas H. Fluharty
Thomas H. Fluharty, Trustee
WV Bar No.: 1231
408 Lee Avenue
Clarksburg, WV 26301
(304) 624-7832

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

IN RE:

    EDDIE BURL SMITH,                  Bk. No.: 05-40369
                                           Chapter 7
        Debtor                        Liquidation

---

JADE SPECIAL STRATEGY, LLC,

       Plaintiff

v.                                    A.P. No.
                                    [Formerly Supreme Court
SNOW BECKER KRAUSS, PC;         of the State of New York,
PEPPER & NASON and                County of New York
WILLIAM W. PEPPER,                Case No. 153653/2015]

       Defendants.

### CERTIFICATE OF SERVICE

I, William W. Pepper, counsel for the defendants, Pepper and Nason and William W. Pepper, do hereby certify that I have served copies of the **NOTICE OF REMOVAL** upon the following by ELECTRONIC FILING on the ___5___ day of May, 2015.

                Thomas H. Fluharty, Esq. (served electronically)

                Raymond G. Dodson, Esq.  (served electronically)

                Office of the U.S. Trustee (served electronically)

I, William W. Pepper, counsel for the defendants, Pepper and Nason and William W. Pepper, do hereby certify that I have served copies of the **NOTICE OF REMOVAL** upon the following by regular United States Mail, postage prepaid on the ___5___ day of May, 2015.

                Snow Becker Krauss, P.C.
                605 Third Avenue
                New York, New York  10158

Clerk of Court
Supreme Court of the State of New York
County of New York
60 Centre Street
New York, New York  10007

Jeffrey Miller, Esq.
Westerman Ball Ederer Miller
1201 RXR Plaza
Uniondale, New York  11556

_____
WILLIAM W. PEPPER (WV Bar No. 2857)